Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 58 | **DATE** | 1/30/2004 |
| **CASE TITLE** | Philips Domestic Appliances and Personal Care B.V. vs. Salton, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, motions of Salton, Inc. [14-1] and Electrical and Electronics Ltd. [15-1] are granted. Case dismissed without prejudice and all other pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | FEB 02 2004 date docketed | 30 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. Mailed by MD. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 1/30/2004 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PHILIPS DOMESTIC APPLIANCES AND PERSONAL CARE B.V., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | No. 04 C 0058<br>Judge Joan H. Lefkow |
| SALTON, INC., | ) ) | |
| Defendant. | ) | |

DOCKETED
FEB 0 2 2004

## MEMORANDUM OPINION AND ORDER

This recently filed copyright action is the latest chapter in an ongoing feud between Philips Domestic Appliances and Personal Care B.V. ("Philips") and Salton, Inc. ("Salton"). Standing on the sidelines, once again, is Electrical and Electronics Ltd. ("E&E") who has, once again, moved to intervene and dismiss Philips' Complaint. Salton has also made a similar motion to dismiss.

Very recently the court encountered these parties in a separate action, case number 03 C 5660. *See Salton Inc., v. Philips Domestic Appliances and Personal Care B.V.*, No. 03 C 5660, 2004 WL 42371 (N.D. Ill. Jan. 5, 2004) (which will be referred to as the "previous case"). That case began when Salton filed a Complaint against Philips seeking a declaration (1) that it had not tortiously interfered with an agreement (hereinafter the "Development and Purchase Agreement") between Philips and E&E; (2) that it had not misappropriated any trade secrets belonging to Philips; and (3) that Salton's One:One coffee maker did not incorporate any proprietary information belonging to Philips. Philips counterclaimed alleging that Salton (1) violated the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.*; (2) tortiously interfered with the

30

Development and Purchase Agreement; and (3) violated certain copyrights held by Philips. Similar to this case, E&E moved to intervene in that action for the limited purpose of presenting its motion to dismiss under Federal Rule of Civil Procedure 12(b)(7).

On January 5, 2004, this court granted E&E's motions and terminated that case. The court concluded that E&E was a necessary party to the adjudication between Philips and Salton, could not be joined without destroying subject matter jurisdiction and, without E&E, "in equity and good conscience" that action could not proceed. For purposes of this case, the court assumes familiarity with that ruling. Philips has filed a notice of appeal of that decision, which was docketed on January 8, 2004 with the United States Court of Appeals for the Seventh Circuit.

Despite that decision (and appeal) and, despite the fact that after the previous case was dismissed Salton intervened in an ongoing action in Hong Kong between E&E and Philips, the parties are all back here. On January 6, 2004, Philips filed this new action advancing a claim for copyright infringement under 17 U.S.C. § 106 against only Salton. As noted above, once again E&E has moved for limited intervention,[1] and both it and Salton seek dismissal of Philips' Complaint. The threshold issue is what effect the previous case has on this one. Both E&E and Salton believe that this suit is barred under collateral estoppel grounds or, if not that, then under the law of the case doctrine. And if neither of those theories is applicable, both believe that E&E is just as much a necessary and indispensable party to this action as the last one. Philips, on the other hand, disagrees, stating that collateral estoppel does not apply and that it has the right to seek relief under its copyright claim in this action against Salton.

---

[1] Concerning E&E's motion for limited intervention, similar to the ruling in the previous case, such motion will be granted. At the very least, E&E has an interest in protecting the finality of the dismissal in the previous case.

2

"Collateral estoppel refers to a judgment's effect of foreclosing relitigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in the initial action." *Havoco of Am., Ltd.* v. *Freeman, Atkins & Coleman, Ltd.*, 58 F.3d 303, 307 (7th Cir. 1995) (citations omitted). It applies when "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action." *Id.* (citations omitted). The court's prior opinion does not constitute a final judgment on the merits of Philips' (or Salton's) substantive claims, but that does not pose a problem. The order dismissing the previous case precludes relitigation of those issues addressed. While the dismissal order in the previous case was for failure to join an indispensable party and not for lack of jurisdiction, the court takes guidance from Seventh Circuit opinions which have addressed the collateral estoppel effect in this analogous scenario. *See, e.g.*, *Perry* v. *Sheahan*, 22 F.3d 309, 318 (7th Cir. 2000) ("A dismissal for lack of jurisdiction precludes relitigation of the issue actually decided, namely the jurisdictional issue.") (citing *Magnus Electronics, Inc.* v. *La Republica Argentina*, 830 F.2d 1396, 1400 (7th Cir. 1987)); *Okoro* v. *Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) ("[A] judgment on the merits precludes relitigation of any ground within the compass of the suit, while a jurisdictional dismissal precludes only relitigation of the ground of that dismissal . . . and thus has collateral estoppel (issue preclusion) effect rather than the broader res judicata effect that nowadays goes by the name of claim preclusion."); *see also*, *In re Bridgestone/Firestone, Inc.*, 333 F.3d 763, 767 (7th Cir. 2003) ("[F]or purposes of issue preclusion (as distinguished from merger and bar), 'final judgment' includes any prior adjudication of an issue in another action that is determined to be

3

sufficiently firm to be accorded conclusive effect.") (quoting *Restatement (Second) of Judgments* § 13 (1980)).

Thus, because Philips brings forth a claim it previously advanced and which is subject to the decision in the previous case, there can be no relitigation of the issue of whether E&E is a necessary party or whether E&E is indispensable to this action. Philips argues otherwise by stating that in the previous case the court only looked at Salton's Complaint and that any issue raised by Philips in its counterclaims were left undecided. That result, however, cannot be squared with a reading of the previous case. It is true that when examining whether E&E could be joined under this court's subject matter jurisdiction the court was limited to the Salton's well-pleaded Complaint. *See, e.g., Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 122 S.Ct. 1889, 1894 (2002); *Adkins v. Illinois Cent. R.R. Co.*, 326 F.3d 828, 836 (7th Cir. 2003). But nothing else in that decision, particularly the issue of whether E&E was a necessary or indispensable party, was so limited. The ruling on necessity and indispensability focused on the entire dispute before the court. Indeed, the court went to great lengths to note that the analysis in the previous case was not limited *only* to Philips' counterclaims.[2] *See* 2004 WL 42371, at *6 n.5 ("Therefore, E&E is not a necessary party only by way of Philips' counterclaims, but is also necessary for the claims that Salton asserts against Philips.").

Yes, the court acknowledges that much of the analysis in the previous case focused on the tortious interference and trade secret claims, but no one argued that the copyright claim should

---

[2] As both Salton and E&E point out, Philips repeatedly characterized its claims as "compulsory" counterclaims. If that be accepted as true, then allowing Philips to bring its action here could force Salton to reassert its claims, thereby causing the previous action to be reincarnated in this one with but a cosmetic change in the structure of the parties.

4

have been treated differently in that action, and no case law was advanced showing that a party could be necessary or indispensable for some claims but not others within an action or that some claims could be severed from a Rule 19 analysis.[3] In short, the court decided that E&E was a necessary and indispensable party for all of the claims brought forth in the previous action, and a new action alleging a claim under the ambit of the previous case cannot be maintained consistent with principles of collateral estoppel.

As E&E concedes, however, the one aspect of this case that has changed and would arguably not be barred from collateral estoppel is whether E&E can be joined. The issue has changed here because Philips, and not Salton, is the plaintiff, and Philips' Complaint invokes this court's federal question jurisdiction by way of its copyright claim, thereby, in theory, eliminating any problems with diversity jurisdiction encountered in the previous action. The issue of whether E&E may be joined in this case, however, is still open and shut. E&E and Philips have a forum selection clause which specifies that any disputes concerning the Development and Purchase Agreement "shall be governed by the laws of Hong Kong. All disputes under the Agreement shall be settled in by courts of Hong Kong." Philips does not reargue that its claims against E&E would fall outside of the forum selection clause, as it did in the previous case. In any event, the court already remarked that such claims were unpersuasive and stands by that assessment here.

Because under principles of collateral estoppel it is already established that E&E is a necessary party and that in equity and good conscience this case cannot proceed without it, and

---

[3]The court pauses to clarify that it is not suggesting that E&E was not in fact necessary and/or indispensable for the copyright claim.

because E&E cannot be joined even under the new procedural posture of this case, the motions to dismiss of Salton [#14] and E&E [#15] are granted. This case is dismissed without prejudice, and all other pending motions are denied as moot. This case is terminated.

ENTER: /s/ Joan H. Lefkow
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: January 30, 2004